Stephen C. Woodruff
Attorney and Counselor at Law
2nd Flr., Hill Law Ofc. Bldg., Susupe
Tokcha Avenue at Lulai Way
P. O. Box 500770
Saipan, MP 96950
Tel.: (670) 235-3872
Fax: (670) 235-3873

Attorney for Plaintiff

F I L E D
Clerk
District Court

MAR 19 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| REYNALDO L. GARCIA, | Civil Action No. CV 08-0017 |
| Plaintiff, | |
| -v- | COMPLAINT |
| POONG-IN SAIPAN, INC., | |
| Defendant. | |

# I
# NATURE OF THE ACTION

1. This is an action against Defendant under Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended, for its unlawful and discriminatory employment practices towards Plaintiff in violation of Plaintiff's federally-protected rights.

2. Plaintiff complains about employment discrimination based on national origin and other impermissible grounds described in this Complaint, including, but not limited to: (a) discriminatory policies, practices, and/or procedures in discharging and hiring workers that deprived Plaintiff of equal employment opportunities. Plaintiff is seeking punitive damages, lost earnings, consequential damages, costs, and

-1-

attorney's fees to redress Defendant's unlawful and discriminatory employment policies, practices, and/or procedures.

## II
## JURISDICTION AND VENUE

3. Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended, ("Title VII") applies to this matter through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Article V, § 502(a)(2).

4. This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 42 U.S.C. § 2000e-5(e)(3), 28 U.S.C. § 1331(a) (federal question jurisdiction), and 28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress regulating commerce).

5. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-(f)(1) and (3).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5.(f)(3) because the unlawful employment practices alleged herein were committed in Saipan, Commonwealth of the Northern Mariana Islands.

## III
## PROCEDURAL REQUIREMENTS

7. On or about August 23, 2006, Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") in Saipan, Commonwealth of the Northern Mariana Islands. The charges were filed within one hundred eighty (180) days after the occurrence of one or more of the unlawful employment practices alleged herein pursuant to 42 U.S.C. § 2000e-5(e)(1).

8. On November 27, 2007, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff is filing this complaint within ninety (90) days after the date he received the Notice of Right to Sue in compliance with 42 U.S.C. § 2000e-5(f)(1). Attached hereto as **Exhibit "1"** and incorporated by reference is a copy of the Notice of Right to Sue.

9. Consequently, all jurisdictional prerequisites to the institution of this lawsuit have been fulfilled, and Plaintiff has exhausted his administrative remedies as required by law.

## IV
## PARTIES

10. Plaintiff **REYNALDO L. GARCIA** is, and at all relevant times, was a citizen of the Republic of the Philippines residing in Saipan, Commonwealth of the Northern Mariana Islands (CNMI) and was an employee of Defendant, within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(f).

11. Defendant **POONG-IN SAIPAN, INC.**, on information and belief, is, and all relevant times, was a corporation organized and existing under the laws of the CNMI having its principal place of business on Saipan, CNMI.

12. Defendant is, and at all relevant times, was engaged in an industry affecting commerce as defined under 42 U.S.C. § 2000e (g) & (h) with more than 15 employees, and was an employer of Plaintiff within the meaning of 42 U.S.C. § 2000e(b).

## V
## STATEMENT OF FACTS

13.     Plaintiff, a citizen of the Republic of the Philippines, was hired by Defendant as a maintenance mechanic sometime in 2004, and remained so employed pursuant to written employment contracts approved by the CNMI Department of Labor (DOL) until his contract expired on July 9, 2006 because of non-renewal.

14.     During his employment with Defendant, Plaintiff was variably assigned as a packer, mechanic, and security guard.  Plaintiff was last assigned as a packer at the packing section.

15.     At all relevant times, Defendant freely shuffled, assigned, and moved its workers from one work assignment to another work assignment, such as from sewer to packer and vice-versa.

16.     At all relevant times, Plaintiff performed his job in a satisfactory and exemplary manner and was even cited by Defendant's resident manager as being "a well rounded employee" who "has a very positive attitude" and "who can speak fluently in different kind of languages such as Chinese, English and Filipino."

17.     Despite Plaintiff's stellar work performance and exceptional qualifications, on or about June 16, 2006, Defendant informed Plaintiff in writing that Plaintiff's employment contract was not going to be renewed.  No reason was stated in the written notice.

18.     When asked by Plaintiff why his employment contract was not being renewed, Mr. Byung Bok Lee, general manager, told Plaintiff that "there are too many people in the packing section."  At that time, Plaintiff was the only Filipino out of more than 50 workers working at the packing section, a majority of whom, if not all, were Chinese nationals.

19. Plaintiff is informed and believes, and thereon alleges, that most, if not all, of the Chinese workers assigned with Plaintiff at the packing section were subsequently renewed by Defendant.

20. Plaintiff is informed and believes, and thereon alleges, that approximately fifteen (15) Chinese workers assigned in various sections and whose employment contracts were expiring around the expiration date of Plaintiff's contract, were all renewed by Defendant.

21. Plaintiff is further informed and believes, and thereon alleges, that after Plaintiff's discharge, Defendant hired more Chinese workers from China.

22. Defendant's reason for terminating Plaintiff that "there are too many people in the packing section" was not true because after Plaintiff's discharge from work, Defendant renewed most, if not all, of the Chinese workers assigned with Plaintiff at the packing section, and even hired more Chinese workers from China.

23. The reason offered by Defendant for not renewing Plaintiff's employment contract was pretextual because Plaintiff was actually discharged due to his national origin.

## VI
## CAUSES OF ACTION

### First Cause of Action
Violation of Title VII

24. Paragraphs 1 through 23 above are incorporated herein by reference as if fully pleaded in this First Cause of Action.

25. Defendant's discharging Plaintiff on account of his national origin constitutes an unlawful employment practice in violation of 42 U.S.C. Section 2000e-2(a)(1)(2).

26. Defendant's unlawful and discriminatory practices as alleged above deprived Plaintiff of equal employment opportunities or otherwise adversely affected his status as an employee because of Plaintiff's national origin.

27. As a direct and proximate result of Defendant's decision to terminate Plaintiff's employment, Plaintiff has suffered and will continue to suffer a substantial loss of earnings which he otherwise would have earned.

28. Defendant engaged in the above-described conduct against Plaintiff with malice and in reckless disregard of Plaintiff's federally-protected rights thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests for the following relief:

(1) An award of punitive damages and lost earnings according to law and proof under the First Cause of Action;

(2) An award of reasonable attorney's fees and costs;

(3) Such other and further relief as this Court deems just and proper.

DATED this 19th day of March 2008.

STEPHEN C. WOODRUFF
Attorney for Plaintiff

EEOC Form 161 (3/98)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Reynaldo L. Garcia<br>P.O. Box 502452<br>Saipan, MP 96950 | From: | Honolulu Local Office<br>300 Ala Moana Blvd<br>Room 7-127<br>Honolulu, HI 96850 |
|---|---|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 486-2006-00337 | James Yao,<br>Investigator | (808) 541-3720 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Timothy A. Riera,
Director

11/27/07
(Date Mailed)

Enclosures(s)

cc:   Richard W. Pierce, Esq.
P.O. Box 503514
Saipan, MP 96950



EXHIBIT